UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Case No.: 3:10-cv-00009-RLV-DCK

DUKE ENERGY BENEFITS COMMITTEE, )
AS PLAN ADMINISTRATOR FOR THE DUKE )
ENERGY CASH BALANCE PLAN, )
)
Plaintiff, )
)
v. )
)
KAMMIE DILL, ADMINISTRATRIX OF THE )
ESTATE OF SHEILA JACOBS and )
GLENN JACOBS, )
)
Defendants. )
_____)

FILED
CHARLOTTE, NC

MAR 23 2010

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

## CONSENT JUDGMENT

THIS MATTER came before the Court upon Plaintiff's Motion for Entry of Consent Judgment. The Court hereby makes the following FINDINGS OF FACT:

1. Plaintiff Duke Energy Benefits Committee (the "Benefits Committee"), as Plan Administrator for the Duke Energy Cash Balance Plan (the "Plan") filed this interpleader action on January 6, 2010;

2. Service of a Summons and Complaint was made upon Defendant Glenn Jacobs ("Jacobs") by certified mail on January 8, 2010;

3. Defendant Kammie Dill, Administratrix of the Estate of Sheila Jacobs ("Dill") waived service of process on February 5, 2010;

4. All parties are properly before this Court;

1

5. In this action, the Benefits Committee sought the Court's adjudication regarding payment of Plan benefits in the amount of $75,000.00 (the "Plan Benefit") to which Defendants each claimed entitlement;

6. Neither the Benefits Committee nor the Plan claim any beneficial interest in the Plan Benefit and remain ready, willing and able to pay the Plan Benefit to the proper party in accordance with the Plan terms and the mandates of ERISA and other applicable law;

7. After the filing of this action, Defendants reached an agreement between themselves regarding payment of the Plan Benefit, specifically that the Plan Benefit shall remain in the Plan for the benefit of Defendant Jacobs in accordance with the terms of the Benefits Committee's determination as set forth in Exhibit A to the Complaint;

8. Defendants have had the opportunity to consult with counsel of their choice regarding the proposed settlement and entry of a consent judgment;

9. Entry of a consent judgment reflecting the terms of the agreement reached between Defendants is in the interest of all parties because it will save the parties from incurring further expense in connection with this matter.

NOW THEREFORE, with the consent of all parties to this action, it is hereby ORDERED, ADJUDGED AND DECREED:

1. Defendant Jacobs is entitled to distribution of the Plan Benefit in accordance with the terms of the Plan and applicable law;

2. Defendants Dill and Jacobs are restrained and enjoined from instituting any action against Plaintiff for the recovery of the Plan Benefit in whole or in part except as specifically set forth in this Consent Judgment;

3. Plaintiff is discharged from all liability with respect to any matter which was or could have been raised in this action except with respect to payment of the Plan Benefit to Defendant Jacobs in accordance with the terms of the Plan and applicable law; and

4. Each party shall bear his, her or its own costs with respect to this action.

This the 22nd day of March, 2010.

*Richard L. Voorhees*

WE CONSENT:

Duke Energy Benefits Committee, as Plan Administrator for the Duke Energy Cash Balance Plan

By: *[signature]*

Its: Attorney

Kammie Dill, Administratrix of the Estate of Sheila Jacobs

*Kammie C. Dill*

Glenn Jacobs

_____

3. Plaintiff is discharged from all liability with respect to any matter which was or could have been raised in this action except with respect to payment of the Plan Benefit to Defendant Jacobs in accordance with the terms of the Plan and applicable law; and

4. Each party shall bear his, her or its own costs with respect to this action.

This the _____ day of _____, 2010.

_____

WE CONSENT:

Duke Energy Benefits Committee, as Plan Administrator for the Duke Energy Cash Balance Plan

By:_____

Its:_____


Kammie Dill, Administratrix of the Estate of Sheila Jacobs

_____


Glenn Jacobs

*/s/ Glenn Jacobs*